**ORIGINAL**

# In The United States Court of Federal Claims

No. 13-278T

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: November 18, 2013)

**FILED**

**NOV 1 8 2013**

**U.S. COURT OF FEDERAL CLAIMS**

RALPH A. FITZSIMONS, *pro se*,

           Plaintiff,

v.

THE UNITED STATES,

           Defendant.

## OPINION and ORDER

    In this tax refund suit, plaintiff claims that he attempted to file a tax return for his 2007 taxable year on April 18, 2011. That return, however, was not signed and on or about April 22, 2011, was returned to plaintiff by the Internal Revenue Service (IRS). On April 18, 2012, plaintiff filed a signed return for his 2007 taxable year. On June 11, 2012, the IRS denied plaintiff's claim for refund. On April 22, 2013, plaintiff filed his refund suit in this court. On June 20, 2013, defendant filed a motion to dismiss plaintiff's complaint under RCFC 12(b)(1) and 12(b)(6). Briefing on that motion has been completed. Oral argument is deemed unnecessary.

    Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). To survive a motion to dismiss for failure to state a claim under RCFC 12(b)(6), the complaint must have sufficient "facial plausibility" to "allow[ ] the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Klamath Tribe Claims Comm. v. United States*, 97 Fed. Cl. 203, 208 (2011), *aff'd*, 2013 WL 4494383 (Fed. Cir. Aug. 23, 2013). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570; *see also Dobyns v. United States*, 91 Fed. Cl. 412, 422–28 (2010) (examining this pleading standard). Nevertheless, the Federal Circuit has reiterated that "[i]n ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint's undisputed factual allegations and should construe them in a light most

favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009); *see also Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 3468 (2010); *Petro–Hunt, LLC v. United States*, 90 Fed. Cl. 51, 68 (2009).

Mr. Fitzsimons's refund suit fails because his taxes were deemed paid more than three years prior to the filing of his refund request. Sections 6511(a) and 6511(b) of the Code (26 U.S.C.) require that a taxpayer bring a refund claim within three years of filing a return, regardless of the return's actual due date. When Mr. Fitzsimons filed his 2007 return in 2012, he accomplished this step; that return also constituted a claim for refund of the taxes paid in 2007. However, section 6511(b)(2) of the Code limits the refund available to Mr. Fitzsimons to those paid in the 3-year period immediately preceding the filing of his return. *See United States v. Brockamp*, 519 U.S. 347, 348 (1997); *Comm'r of Internal Revenue v. Lundy*, 516 U.S. 235, 240 (1996). However, Mr. Fitzsimons payments were deemed to have occurred on the due date for filing his 2007 return – April 18, 2008. His claim for refund was filed nearly four year later. As a refund suit may not be maintained where no refund is due, plaintiff's suit must be dismissed for failure to state a claim under RCFC 12(b)(6). *Boeri v. United States*, 724 F.3d 1367, 1369-70 (Fed. Cir. 2013); *Murdock v. United States*, 103 Fed. Cl. 389, 393 (2012); *see also Tiernan v. United States*, 2013, WL 5977141, at *4 (Fed. Cl. Nov. 12, 2013).[1]

Based on the foregoing, the court hereby **GRANTS** defendant's motion to dismiss under RCFC 12(b)(6). The Clerk is hereby ordered to dismiss the complaint, with prejudice. No costs.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge

---

[1] While plaintiff claims that his return for 2007 was filed in 2011, that return was unsigned and constituted neither a valid return nor a valid claim for refund. *See* 26 U.S.C. 6061(a); Treas. Reg. § 1.6061-1; *see also Lucas v. Pilliod Lumber Co.*, 281 U.S. 245, 248 (1930); *Bruner v. Baker*, 506 F.3d 1021, 1027 (10th Cir. 2007); *Selgas v. Comm'r of Internal Revenue*, 475 F.3d 697, 700-01 (5th Cir. 2007).